COMMONWEALTH *vs*. PERRY P., A Juvenile. No. 93-P-307. February 22, 1994. *Delinquent Child. Practice, Criminal*, Transfer hearing, Findings by judge. *Evidence*, Expert opinion.

A judge sitting in the juvenile session of the Roxbury District Court on a transfer hearing, see G. L. c. 119, § 61, entered an order wherein he declined to find that the juvenile, charged with murder in the first degree, "is not amenable to rehabilitation within the juvenile justice system" (§ 61, seventh par.). Without such a finding, the juvenile cannot be tried as an adult. The Commonwealth has appealed from the order (as § 61 permits it to do), arguing primarily that the order is erroneous as matter of law because the juvenile, expressly found by the judge to be "a significant danger to the public," failed to overcome the "rebuttable presumption," established by § 61, seventh par., as amended through St. 1991, c. 488, § 6, that a juvenile charged with murder (or with one of several other serious offenses) "is not amenable to rehabilitation within the juvenile justice system."

The Commonwealth presented no witnesses, relying on the presumption. The juvenile presented three witnesses, one of whom was a clinical psychologist with extensive experience in evaluating children for the Department of Youth Services. Her opinion that the juvenile was amenable to rehabilitation within the juvenile system despite being currently a danger

to the public was the principal evidentiary basis for the judge's findings to the same effect.

The Commonwealth contends that her opinion failed to overcome the presumption because it was internally contradictory and was thus "a nullity." It is true that the prosecutor made some inroads on the factual bases for the psychologist's opinion during cross-examination; the psychologist, however, did not repudiate her opinion but reaffirmed it, at the same time conceding that the juvenile's prognosis would be worsened if certain facts were as the prosecutor contended. The contradiction, if it can be called that, presented a question to be resolved by the finder of fact. See Liacos, Massachusetts Evidence § 6.6.3 (6th ed. 1994). Much of the alleged contradiction related to evaluating the juvenile's propensity to impulsive, aggressive, violent behavior. For a favorable assessment the psychologist relied on psychological testing and on the absence of such behavior in the juvenile's reported history, excepting the homicide charged. As to the latter, significant facts seemed, by way of hearsay, to be disputed: whether, for example, the juvenile armed himself long in advance of the confrontation, expressing an intention to kill the victim, or instead (as he told the psychologist) borrowed the gun from a friend just before the confrontation, apprehending imminent trouble; again, whether the juvenile premeditated the killing or was acting under the influence of alcohol and drugs. None of these seemingly conflicting contentions was the subject of inquiry at the hearing; the judge did not err in refusing to give determinative weight to the version of the homicide that made it the result of clearheaded calculation. He could properly treat as more reliable the psychologist's evaluation based on her extensive testing of the juvenile and on his prior history.

The Commonwealth argues also that the judge's finding as to the juvenile's amenability to rehabilitation should be reversed because it assumed that the juvenile would be exposed to four years of therapy — a period now foreshortened to three years at best, the juvenile having reached age seventeen during the time it has taken the Commonwealth's appeal to be decided. Much of this delay was attributable to the Commonwealth, and the juvenile argues that it should be disregarded for that reason. Without adopting that position, we agree that the last year and a half should not be determinative in the circumstances. Under the new sentencing statute, G. L. c. 119, § 72, third par. (as inserted by St. 1991, c. 488, § 7), to which this case is subject, the juvenile, if convicted of delinquency by reason of murder in the first degree, will serve a minimum fifteen-year sentence which cannot be shortened by parole. If second degree, ten years. In either event, the juvenile, on attaining age twenty-one, will be transferred to the adult correctional system to serve the balance of his term (which, for murder first degree, could be as long as twenty years). See Ireland, Juvenile Law § 35 (1993). Although the psychologist testified that there are in place no programs to continue therapy in the adult system, the statute is new, and programs may be developed as juveniles tried under the

new statute come of age for transfer to the adult system. Nothing in the statute precludes such programs, and we cannot assume that the Legislature intended to create a program that begins with intensive rehabilitative therapy, then terminates it abruptly with no follow-up other than years of idle incarceration.

We recognize that the juvenile, if found delinquent, may be found so by reason of manslaughter, which will necessitate release at age twenty-one, making it impossible to carry out a four-year program of compulsory therapy. A finding of manslaughter, however, would be predicated on facts at variance with those on which the Commonwealth bases its contention that the juvenile is a danger to the public and cannot benefit from rehabilitative therapy.

*Order refusing transfer affirmed.*

*Vincent R. McDonough*, Assistant District Attorney, for the Commonwealth.

*Juliane Balliro* for the juvenile.