COMMONWEALTH *vs.* PERRY P., a juvenile.

Suffolk. September 9, 1994. - November 14, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal,* Indictment, Juvenile delinquency proceeding, Double jeopardy, Mistrial. *Homicide. Delinquent Child. Waiver.*

A juvenile charged in a complaint with being delinquent by reason of murder is entitled, under the provisions of G. L. c. 119, § 61, to an indictment proceeding unless the juvenile waives indictment. [810-811]

In the circumstances of a proceeding on a complaint of delinquency by reason of murder, the juvenile did not waive his right to be tried upon an indictment by reason of his late assertion of that right, where there was nothing to show that the juvenile made an informed decision on waiver. [812-813]

In the circumstances of a delinquency proceeding on a complaint alleging delinquency by reason of murder, in which the judge concluded that the juvenile had not waived his right under G. L. c. 119, § 61, to be indicted and that the proceeding was a "nullity," principles of double jeopardy would not preclude the Commonwealth from subsequently trying the juvenile on an indictment alleging delinquency by reason of murder. [813-814]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 7, 1994.

The case was reported by *Greaney*, J.

*Juliane Balliro* for the juvenile.

*Katherine E. McMahon*, Assistant District Attorney (*John P. Zanini*, Assistant District Attorney, with her) for the Commonwealth.

WILKINS, J. We conclude that a juvenile charged in a complaint with being delinquent by reason of murder is entitled to an indictment proceeding unless the juvenile waives indictment. We conclude further that the juvenile in this proceed-

ing had not waived that right when he raised the issue for the first time in a motion to dismiss filed at the conclusion of the Commonwealth's presentation of evidence. We discuss briefly what steps the Commonwealth may now take in charging the juvenile with delinquency by reason of murder.

In June, 1992, a complaint issued from the juvenile session of the Roxbury District Court charging the juvenile with delinquency by reason of murder.[1] The Commonwealth moved pursuant to G. L. c. 119, § 61 (1992 ed.), that the juvenile be transferred to the Superior Court for trial as an adult. A judge found probable cause that the juvenile had committed the offenses charged, but, after a so-called Part B hearing under § 61, declined to transfer the juvenile. The Commonwealth unsuccessfully appealed from the latter ruling. See *Commonwealth* v. *Perry P.*, 36 Mass. App. Ct. 914 (1994).

The juvenile waived his right to a jury trial in the first instance and, after the Commonwealth had presented its case, moved that the judge dismiss "so much of the complaint as charges him with Murder as the Juvenile has a constitutional (State and Federal) and statutory right (M.G.L. Chapter 119, section 61 and Chapter 263, section 4A) to be tried upon an indictment and the Commonwealth has failed to so proceed in this case." The judge denied the juvenile's motion to dismiss the murder count, and stated that the evidence presented a prima facie case of murder in the first degree. After a hearing devoted to the issue, the judge concluded that the juvenile had a statutory right to an indictment, that the juvenile had not waived that right, and that the trial was a nullity as to the entire murder count. The judge granted the Commonwealth time to seek an indictment.

The Commonwealth instead sought an order from a single justice of this court under G. L. c. 211, § 3 (1992 ed.), that

---

[1]The juvenile was also charged in two other counts of the complaint with unlawful possession of a firearm and unlawful possession of ammunition. The juvenile was adjudicated delinquent on these counts and was committed to the Department of Youth Services. These counts are not involved in the proceeding before us.

the trial judge revoke his ruling that the delinquency proceeding on the murder count was a nullity and then enter judgment on that count. A single justice of this court reported the case to the full court on the Commonwealth's petition, the judge's memorandum and order, and the motion to dismiss.

1. There is no challenge to the exercise of the court's supervisory authority to resolve the issues presented. The juvenile states that the exercise of jurisdiction under G. L. c. 211, § 3, is appropriate and does not contest the propriety of the order reserving and reporting the case. The Commonwealth has no right of direct appeal from the judge's nullity ruling, and the issues are important to the administration of justice in juvenile proceedings. We need not decide whether, over objection, the Commonwealth would have the right to seek relief under G. L. c. 211, § 3, from the nullity ruling, which has some similarity to the allowance of a motion to dismiss. See *Commonwealth* v. *Gordon*, 410 Mass. 498, 499 (1991); *Commonwealth* v. *Babb*, 389 Mass. 275, 282-283 (1983).

2. The juvenile had a statutory right to an indictment. That right is set forth in G. L. c. 119, § 61, as amended by St. 1991, c. 488, § 3, which in the last sentence of the fifth paragraph states that "[i]n all cases brought pursuant to the provisions of this paragraph [where murder in the first or second degree is alleged against the juvenile], the child shall have the right to an indictment proceeding under [G. L. c. 263, § 4], unless such child, upon advice of counsel, duly waives indictment."[2] This right is also expressed in G. L. c. 263, § 4, as amended by St. 1991, c. 488, § 10 ("A juvenile charged . . . in a juvenile session of a district court with delinquency by violation of [G. L. c. 265, § 1 (i.e., murder)], shall also have the right to be proceeded against by indictment").

The Commonwealth seeks to justify the procedure it followed on the basis of the first sentence of the fifth paragraph

---

[2]This language remains in G. L. c. 119, § 61, following three 1992 amendments and one 1993 amendment to § 61.

of G. L. c. 119, § 61, as amended by St. 1991, c. 488, § 3. That sentence stated that "[i]f the offense alleged is murder in the first or second degree, the commonwealth may proceed by filing a complaint in juvenile court or in a juvenile session of a district court, as the case may be, or by filing an indictment in such court."[3] The Commonwealth's option to use a complaint in charging murder against a juvenile can be exercised effectively to a conclusion favorable to it only if the juvenile "upon advice of counsel, duly waives indictment." G. L. c. 119, § 61. Where the Commonwealth proceeds by complaint, the juvenile is entitled to a probable cause hearing, a right not available if the Commonwealth shall have proceeded by indictment. *Id.* This circumstance, plus the use of a standard in a probable cause proceeding more favorable to the defendant than in a grand jury proceeding, might well induce counsel to recommend that a juvenile waive indictment. There is, however, no explicit waiver in this case. We shall consider shortly whether such a waiver should be inferred when the lack of an indictment was raised only at the conclusion of the Commonwealth's case.

There must be a waiver of an indictment in order to justify a finding of delinquency by reason of murder on a complaint filed against a juvenile. Section 61 is confusing in its seeming endorsement and then withdrawal of the Commonwealth's right to proceed by a complaint against a juvenile. The language is not irretrievably in conflict, however, because it is true that the Commonwealth may properly start with a complaint charging murder but, as a practical matter, the Commonwealth may advance to trial in a juvenile session on that complaint only when the juvenile has properly waived indictment.

Because we construe § 61 to require an indictment if the juvenile does not waive his right to one, we need not consider whether art. 12 of the Massachusetts Declaration of Rights

---

[3]The first sentence of the fifth paragraph of § 61, as amended through St. 1992, c. 398, § 3, now states at the end "or by indictment as provided by [G. L. c. 277]," instead of "by filing an indictment in such court."

also grants such a juvenile the right to an indictment. The penalty imposed on a juvenile, who has attained the age of fourteen and is adjudged delinquent by reason of murder, is a maximum confinement of twenty years for murder in the first degree (with no eligibility for parole for fifteen years) and fifteen years for murder in the second degree (with no eligibility for parole for ten years). G. L. c. 119, § 72 (1992 ed.). No such sentence may be suspended, nor are certain statutory deductions for good conduct allowed. *Id.* The fact that the sentence is not necessarily to State prison, one measure whether an indictment is a constitutional requirement (*Brown* v. *Commissioner of Correction,* 394 Mass. 89, 91-92 [1985]), may not be controlling where the mandated sentences are substantial in length and where, after the juvenile attains the age of twenty-one, the Department of Correction obtains custody of the delinquent. The soundness of our construction of § 61 is supported by its avoidance of this constitutional question. See *Beeler* v. *Downey,* 387 Mass. 609, 613-614 (1982) (if reasonably possible, statute should be construed to avoid unnecessary decision of serious constitutional question), and cases cited.

3. The juvenile did not waive his right to an indictment. Section 61 recognizes the prospect of no indictment when "the child, upon advice of counsel, duly waives indictment." There is no showing of any waiver "upon advice of counsel" or even a waiver after receiving the advice of counsel. If there were a waiver, it would have to be implied from the late assertion of the right to an indictment because there is nothing to show that the juvenile made an informed decision on waiver. An implied waiver of the right to indictment is not permissible. Rule 3 (c) (1) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 847 (1979), applicable to delinquency proceedings in the District Court "consistent with the General Laws" (see Mass. R. Crim. P. 1 [b], 378 Mass. 842 [1979][4]), provides that "[n]o defendant shall waive the

---

[4]See also Rule 204 of the Special Rules of the District Courts Applicable to Juvenile Proceedings (1994), seemingly to the same effect.

right to be proceeded against by indictment . . . except by filing in court, on the return day or at such other time as the court may order, a written waiver of that right." Although rule 3 (c) (1) was designed to deal with an adult's waiver of the right to an indictment (and thus to obtain a probable cause hearing), we would not deny to a juvenile application of the same conditions for an effective waiver of a right to an indictment.

4. Although we have disposed of each issue that the Commonwealth has argued, the question remains unanswered as to what may properly be done with respect to the charge of delinquency by reason of murder. The juvenile argues that principles of double jeopardy bar his trial on the charge of murder. Because without an effective waiver of his right to an indictment the juvenile could not properly be found delinquent on the complaint alleging murder, it may be that the trial judge had no jurisdiction, in a double jeopardy sense, to try the charge of delinquency by reason of murder. The trial judge described the trial on the murder count as a "nullity," and, in such circumstances, it may be that principles of double jeopardy do not bar a retrial based on an indictment for murder. See *Commonwealth* v. *Lovett*, 374 Mass. 394, 397-398 (1978) (trial in District Court on offense not within its jurisdiction does not bar conviction of offense in later Superior Court trial); *Commonwealth* v. *Clemmons*, 370 Mass. 288, 294 (1976) ("We agree that the prosecution in Superior Court for possession with intent to distribute, an offense outside the jurisdiction of the Municipal Court, was not barred by the initial proceeding on the lesser offense of possession").[5] There is the further prospect that, if jeopardy did attach for double jeopardy purposes, it would continue under any indictment that is hereafter handed down. We need not decide these issues.

[5]If the absence of a waiver of an indictment were not a jurisdictional question, the filing of the motion to dismiss for lack of an indictment came too late. A nonjurisdictional issue capable of determination without a trial of the general issue must be raised before trial by motion. Mass. R. Crim. P. 13 (c) (2), 378 Mass. 871 (1978). See G. L. c. 277, § 47A (1992 ed.).

The judge's declaration of a nullity is equated to a declaration of a mistrial. The juvenile's motion to dismiss the murder count appears in intended effect to be a request for a mistrial on that count. If it is not, and if we assume jeopardy attached, and if we apply to these circumstances the standard of "manifest necessity" applicable to declarations of mistrials over a defendant's objection, the necessity for a mistrial is manifest in that there was nothing properly before the judge on the charge of murder. See *Illinois* v. *Somerville,* 410 U.S. 458, 464 (1973); *Elder* v. *Commonwealth,* 385 Mass. 128, 133 (1982); *State* v. *Madison,* 114 Ariz. 221, 224 (1977) (en banc). We do not know what transpired when the hearing was held on the question whether the judge should declare the murder aspect of the trial a nullity. There was, however, no reasonable alternative to the determination that the judge could not properly act on the murder count. A mistrial was unavoidable if the juvenile insisted on an indictment.

5. We express no opinion concerning the future treatment of lesser included offenses within the murder count, such as manslaughter. An adjudication of manslaughter could result in a commitment to the Department of Youth Services until the juvenile has attained the age of twenty-one. G. L. c. 119, § 72. No indictment is required by statute or constitutional provision for a charge of delinquency by reason of manslaughter.

The trial judge contemplated that there would be an indictment and expressed no view (and, as far as we can tell, was not asked to express a view) on the manslaughter component of the murder count. In moving to dismiss so much of the complaint as charged murder (and not so much of the murder count in the complaint as charged murder), the juvenile may have recognized that the murder count should be treated as a whole. It may well be also that there was a manifest necessity not to act on any aspect of the murder count when the juvenile asserted the indictment requirement only after evidence had been presented.

6. A judgment shall be entered in the county court stating that the trial judge had no authority to pass on the charge of delinquency by reason of murder because the juvenile did not waive his statutory right to an indictment and declaring that the Commonwealth is not foreclosed by principles of double jeopardy from trying the juvenile on an indictment charging delinquency by reason of murder.

*So ordered.*