ARIEL A., a juvenile, *vs.* COMMONWEALTH.

Suffolk. April 4, 1995. - May 8, 1995.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Lesser included offense, Indictment, Juvenile delinquency proceeding, "Two tier" court system. *Homicide. Delinquent Child.*

On the evidence presented at the bench trial of a complaint for delinquency by reason of first degree murder, manslaughter was not, in the circumstances, a lesser included offense, with the result that a subsequent prosecution on an indictment for the same offense, following the decision in *Commonwealth* v. *Perry P.,* 418 Mass. 808 (1994), was not barred by double jeopardy principles. [284-287]

Where a judge in a juvenile session of the District Court could not adjudicate a complaint of delinquency by reason of first degree murder inasmuch as the juvenile had not waived indictment, as required by G. L. c. 119, § 61, as amended by St. 1991, c. 488, § 3, the Commonwealth was not barred on double jeopardy grounds from properly proceeding by an indictment for the same offense. [287]

In a juvenile proceeding, where the Commonwealth erroneously commenced proceedings by complaint and obtained, after a bench trial, a finding of delinquency by reason of first degree murder, whereupon the juvenile claimed a trial de novo, the Commonwealth was entitled to dismiss the complaint and recommence proceedings properly on the basis of an indictment. [287-290]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 22, 1994.

The case was heard by *Wilkins,* J.

*Nona E. Walker,* Committee for Public Counsel Services (*Stephanie Page,* Committee for Public Counsel Services, with her) for the juvenile.

*Katherine E. McMahon,* Assistant District Attorney (*Lynn M. Beland,* Assistant District Attorney, with her) for the Commonwealth.

GREANEY, J. This case is before us on appeal from a judgment entered pursuant to a decision of a single justice of this court. After considering a petition brought under G. L. c. 211, § 3 (1992 ed.), the single justice concluded that the Commonwealth was not barred by principles of double jeopardy from recommencing proceedings against Ariel A.,[1] a juvenile, who had been adjudicated delinquent by reason of murder in the first degree on a complaint brought in the juvenile session of the West Roxbury District Court. Oral argument was heard on April 4, 1995, and on April 5, 1995, an order entered that included the following: "The judgment entered pursuant to the decision of the single justice is affirmed. An opinion or opinions will follow." This opinion explains the court's reasons for affirming the judgment.

The procedural history is essential to a discussion of the issues raised in the case. On March 1, 1993, pursuant to G. L. c. 119, § 61 (1992 ed.), the juvenile was charged by complaint with being delinquent by reason of murder in the first degree, in violation of G. L. c. 265, § 1 (1992 ed.).[2] The Commonwealth moved to transfer the juvenile for trial as an adult. See G. L. c. 119, § 61, as amended by St. 1991, c. 488, § 3.[3] The transfer judge found probable cause to be-

---

[1] As is our custom, the juvenile is referred to by a pseudonym.

[2] The juvenile was also charged with unlawful possession of a firearm, in violation of G. L. c. 269, § 10 (*a*) (1992 ed.), and unlawful possession of ammunition, in violation of G. L. c. 269, § 10 (*h*) (1992 ed.). She was adjudicated delinquent by reason of these charges on April 13, 1994. These adjudications are not at issue.

[3] This statute reads, in pertinent part, as follows:

"If the offense alleged is murder in the first or second degree, the commonwealth may proceed by filing a complaint in juvenile court or in a juvenile session of a district court, as the case may be, or by indictment as provided in chapter two hundred and seventy-seven. In such proceedings initiated by the filing of complaint, a probable cause hearing shall be held within the time set forth in this section, unless the commonwealth shall have proceeded by indictment prior to such hearing. If the commonwealth has proceeded by indictment, no probable cause hearing shall be held, and a transfer hearing shall be held as provided in this section. In all cases brought pursuant to the provisions of this paragraph, the child shall have the right to an indictment proceeding under section four of chapter two hundred

lieve the juvenile had committed the offenses with which she was charged (Part A hearing), but declined to order her transferred for trial as an adult in the Superior Court (Part B hearing). See *Commonwealth* v. *Clifford C.*, 415 Mass. 38, 39 (1993). Jurisdiction over the matter was retained in the juvenile system. See *Charles C.* v. *Commonwealth*, 415 Mass. 58, 62 (1993). The juvenile waived her right to a jury trial in the first instance. On April 13, 1994, she was adjudicated delinquent by reason of murder in the first degree and sentenced pursuant to G. L. c. 119, § 72 (1992 ed.), to from fifteen to twenty years. She timely claimed an appeal to obtain a de novo trial in the Boston Juvenile Court. See G. L. c. 119, § 55A (1992 ed.).

In September, 1994, the case now called *Commonwealth* v. *Perry P.*, 418 Mass. 808 (1994), was argued in this court. The juvenile in the *Perry P.* case contended that, as a juvenile charged by the Commonwealth with being delinquent by reason of murder, he was entitled to a proceeding initiated by an indictment. The decision in *Perry P.*, issued on November 14, 1994, held that, in a case involving a charge of murder against a juvenile, the Commonwealth was obliged to proceed by indictment so long as the juvenile had not waived his or her right to one. *Id.* at 811. See G. L. c. 119, § 61, as amended by St. 1991, c. 488, § 3; G. L. c. 263, § 4, as amended by St. 1991, c. 488, § 10.

Correctly anticipating the result in the *Perry P.* case, the Commonwealth sought and obtained (on October 7, 1994), an indictment against the juvenile charging her with murder in the first degree. The matter was scheduled for trial by jury in the Boston Juvenile Court on November 28, 1994. On that day, the Commonwealth moved that the case be remanded to the bench session for retrial on the indictment on the basis of the decision in the *Perry P.* case. The juvenile, invoking Federal and State principles of double jeopardy, moved that so

---

and sixty-three, unless such child, upon advice of counsel, duly waives indictment."

much of the complaint as charged murder be dismissed, and that the jury trial proceed only as to manslaughter.

The trial judge[4] denied the juvenile's motion to dismiss so much of the complaint as charged murder, reasoning that the failure to obtain an indictment rendered the District Court proceedings and finding a "nullity," that could not bar retrial on a properly obtained indictment. He remanded the matter for trial in the bench session and stayed that order, pending the juvenile's appeal to a single justice of this court, pursuant to G. L. c. 211, § 3. After hearing and consideration of the juvenile's arguments, the single justice entered a memorandum of decision which denied the juvenile relief under G. L. c. 211, § 3.

1. It is an established Federal constitutional principle of double jeopardy that a conviction of a lesser included offense bars a later prosecution of the greater offense, even if the first court had no jurisdiction over the greater offense. See *Brown* v. *Ohio*, 432 U.S. 161, 169 (1977).[5] The juvenile argues that, following the bench trial in the District Court, which she construes as resulting necessarily in an adjudication of delinquency by reason of manslaughter, this principle bars further proceedings against her on any offense of greater degree than manslaughter. The essential premise of her argument is that manslaughter, defined by common law in general terms as an unlawful killing without malice, is a lesser included offense in the charge of murder, defined (again in general terms) as an unlawful killing with malice aforethought. Thus, in the juvenile's view, the judge's finding at the bench trial on the complaint of delinquency by reason of murder necessarily encompassed a finding adverse to her on the elements required for proof of manslaughter. For this

---

[4]The judge in the Boston Juvenile Court who would have been the trial judge was designated by administrative order a judge of the West Roxbury District Court for the convenience of the parties in resolving the jurisdictional issue.

[5]A juvenile charged with a criminal offense is entitled to the protection of the Federal prohibition against double jeopardy. See *Schall* v. *Martin*, 467 U.S. 253, 263 (1984).

reason, the argument continues, jeopardy attached as to the charge of manslaughter (a charge over which the District Court had jurisdiction on the basis of the complaint), and she may not now be tried on any greater charge in a subsequent prosecution by the Commonwealth. The argument concludes that the jury trial can proceed only on so much of the complaint as charges manslaughter, and no prosecution may occur on the basis of the indictment obtained by the Commonwealth. We disagree.

" '[L]esser included offenses are those necessarily included in the offense as charged.' *Commonwealth* v. *Sherry*, 386 Mass. 682, 694 (1982), *S.C.*, 20 Mass. App. Ct. 513 (1985), quoting *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379, 380 (1981). The test is whether, '[i]n order to convict [of murder], all the elements of [manslaughter] must be found, plus an additional aggravating factor.' *Commonwealth* v. *Sherry*, *supra* at 695." *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 351 (1990). Thus, murder in the second degree could be described as a lesser included offense of murder in the first degree. The latter is murder in the second degree with the additional aggravating factor of premeditation, extreme atrocity or cruelty, or the commission of murder in the course of the commission of a life felony. See *Commonwealth* v. *Sires*, 413 Mass. 292, 296 & n.4 (1992). Under this test, however, manslaughter is not a lesser included offense of murder.

A charge of murder properly may result in a verdict or finding of voluntary manslaughter only if it appears from the evidence that the "killing arises 'from a sudden transport of passion or heat of blood upon a reasonable provocation' or 'upon sudden combat.' " *Commonwealth* v. *Boucher*, 403 Mass. 659, 662 (1989), quoting *Commonwealth* v. *Soaris*, 275 Mass. 291, 299 (1931). In addition, "The provocation that justifies reasonable action in self-defense also negates a finding of malice in any killing that results from the use of excessive force" in response to the initial provocation. *Commonwealth* v. *Boucher*, *supra* at 664. In these instances, "reasonable provocation negates malice in [an] unjustified

killing, warranting a verdict of manslaughter rather than murder." *Id.* at 664. A verdict or finding of manslaughter depends on evidence establishing what logically may be referred to as an additional element not present in murder; that is, reasonable provocation that is accepted as sufficient in law to mitigate, but not excuse, an unlawful killing. For this reason, in a somewhat analogous context, the Supreme Court of Colorado concluded that manslaughter committed in the heat of passion "is not a pure lesser included offense of either first or second degree murder." *People* v. *Lewis*, 676 P.2d 682, 688 (Colo. 1984). In the *Lewis* decision, the court reasoned that a juror convinced that a defendant was guilty of first or second degree murder would not necessarily have concluded that the defendant was guilty of manslaughter because that crime included the "added elements" that the murder be committed in the heat of passion caused by a highly provoking act of the victim. *Id.*[6] There is also support in our case law for viewing the provocation adequate to mitigate murder as an added element in the crime of manslaughter. See *Commonwealth* v. *Nardone*, 406 Mass. 123, 131 (1989) (distinguishing between assault with intent to murder and assault with intent to kill by describing the lesser offense of assault with intent to kill as containing the additional element of a mitigating factor). Although manslaughter may be a possible finding or verdict on a complaint charging a juvenile with murder, manslaughter is not a lesser included offense of murder, because murder is not simply manslaughter with an additional aggravating factor. Moreover, the juvenile

---

[6]The issue in *People* v. *Lewis*, 676 P.2d 682 (Colo. 1984), concerned an instruction given by a judge in a murder trial that, if the jurors had a reasonable doubt as to which offense the defendant had committed, they had a duty to find the defendant "guilty only of the lesser offense." *Id.* at 685. The judge had been informed that three jurors had agreed on one verdict and nine jurors on another verdict. The court in the *Lewis* case concluded that giving the instruction had been an error because of the risk some jurors might be "forced to join in a guilty verdict to a lesser offense that involves elements not necessarily included in a greater offense when these jurors are not satisfied of the existence of these additional elements." *Id.* at 687.

provided nothing to the single justice to suggest that the evidence before the judge would have raised a question of provocation adequate to negate malice. In these circumstances, the trial judge's finding of murder could not be said also to encompass a finding of manslaughter.[7]

Although we have responded to the juvenile's argument in the terms in which it was framed, we would have rejected it in any event. We know of no principle by which a verdict or finding supported by the evidence but rendered by a court lacking capability to try that offense, may be transmuted into a verdict or finding on a lesser offense solely because the court had jurisdiction over the lesser offense. Because there have been no valid and binding proceedings against the juvenile on the charge of manslaughter, further proceedings by the Commonwealth on the charge of murder in the first degree are not barred on the ground that the Commonwealth "may not prosecute a defendant a second time for an offense which comprehends a lesser offense of which the defendant has already been convicted." *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, 88 (1989).

2. Having rejected the juvenile's contention that her trial de novo should proceed on so much of the complaint as charged manslaughter, we must also consider whether, and if so why, having erroneously commenced proceedings by complaint and obtained a finding of delinquency by reason of first degree murder, the Commonwealth now is entitled to dismiss the complaint and recommence proceedings in the District Court on the basis of the recently obtained indict-

---

[7]The juvenile appears to have confined her argument to a claim that her adjudication of delinquency by reason of first degree murder should be construed as an adjudication of delinquency by reason of voluntary manslaughter. A verdict of involuntary manslaughter is possible "only for causing an unintentional death (1) during the commission of wanton or reckless conduct, as defined in *Commonwealth* v. *Welansky*, [316 Mass. 383, 400 (1944)], or (2) during the commission of a battery, under the principles set forth in [*Commonwealth* v. *Sheppard*, 404 Mass. 774, 776 (1989)]." *Commonwealth* v. *Catalina*, 407 Mass. 779, 789 (1990). Involuntary manslaughter is a proper result only in quite particular factual scenarios.

ment. We conclude that the Commonwealth may do so, essentially for the reasons explained in *Commonwealth* v. *Perry P.*, 418 Mass. 808 (1994).

General Laws c. 119, §§ 55A and 56 (1992 ed.), set out a two-tier trial system for a juvenile complained of as delinquent. As did the juvenile, the juvenile may elect to waive his or her right to trial by jury in the first instance, but the waiver and choice of a bench trial is subject in all cases to the "right of appeal therefrom for trial by a jury." G. L. c. 119, § 55A. The juvenile, of course, exercised her right of appeal to obtain a trial by jury in the Boston Juvenile Court. We are concerned in this case, then, with the operation of a two-tier trial system and its implications for purposes of the bar against double jeopardy.

In the case of *Justices of Boston Mun. Court* v. *Lydon*, 466 U.S. 294 (1984), the Supreme Court of the United States considered a challenge based on the double jeopardy clause of the Fifth Amendment to the United States Constitution to a virtually identical two-tier system. In the opinion in the *Lydon* case, the Court "assume[d], without deciding, that jeopardy attached at the swearing of the first witness at [a defendant's] bench trial." *Id.* at 309. It reasoned, however, that a defendant could not raise an issue of impropriety in the conduct of his bench trial prior to his conviction, if any, at the close of his jury trial because "he [had failed] to identify any stage of the state proceedings that can be held to have terminated jeopardy." *Id.* The Court quoted with approval the dissenting opinion in the decision of the United States Court of Appeals for the First Circuit, which characterized the defendant's prospective jury trial "as but an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings." *Id.*, quoting *Lydon* v. *Justices of the Boston Mun. Court*, 698 F.2d 1, 12 (1st Cir. 1982) (Campbell, J., dissenting).

For the purpose of analysis in this case, the importance of the decision in *Lydon* is that the Court characterized the entire proceeding in a two-tier system as the functional equivalent of a single trial, which concludes with the render-

ing of a jury verdict. Under this reasoning, the juvenile's motion to dismiss so much of the complaint as charged murder, occurring at a point in the "single, continuous course of judicial proceedings," prior to a conclusive jury verdict, is no different from the motion to dismiss the count of murder made at the close of the Commonwealth's evidence by the juvenile in the *Perry P.* case. As was said in that case, the juvenile's insistence on an indictment made it a "manifest necessity" that the proceeding commenced by complaint be terminated, as "there was nothing properly before [either] judge on the charge of murder." *Commonwealth* v. *Perry P., supra* at 814. See *Elder* v. *Commonwealth*, 385 Mass. 128, 133 (1982) (procedural error that would lead inevitably to reversal of conviction on appeal may justify declaration of mistrial).[8]

The conclusion that jeopardy attached when the proceedings against the juvenile were commenced in the juvenile session of a District Court, implicit in the decision in *Commonwealth* v. *Perry P., supra*, also is consistent with fundamental principles of double jeopardy. In this case, the juvenile may be retried. In the case of a juvenile who has been acquitted (or as to whom a finding of a lesser degree of guilt has been made), the attachment of jeopardy with the swearing of the first witness at the bench trial will protect him or her from

---

[8]When a mistrial is declared over a defendant's objection, retrial is not barred by the double jeopardy clause if the declaration of a mistrial "was dictated by 'manifest necessity' or the 'ends of public justice.' " *Illinois* v. *Somerville*, 410 U.S. 458, 463 (1973). This rule protects "[t]he interests of the public in seeing that a criminal prosecution proceed to verdict, either of acquittal or conviction." *Id.*

The juvenile contends that there is no manifest necessity for a mistrial in this case, and that the public interest would be adequately protected by treating the District Court finding as an adjudication of delinquency by reason of manslaughter. We have rejected her contention that the adjudication of delinquency by reason of first degree murder logically could result in an adjudication of delinquency by reason of manslaughter. Assuming a subsequent finding of guilty at the conclusion of the jury trial, the juvenile could have raised the absence of an indictment in an appeal and obtained a reversal of that adjudication of guilt. The declaration of a mistrial was manifestly necessary. See *Illinois* v. *Somerville, supra* at 469.

further prosecution. See *State* v. *Boyd*, 221 Conn. 685, 697, cert. denied, 506 U.S. 923 (1992). It is primarily this aspect of the two-tier trial system that has protected it, in various guises, from double jeopardy challenges in the past, see *Justices of Boston Mun. Court* v. *Lydon*, 466 U.S. 294, 311-313 (1984); *Ludwig* v. *Massachusetts*, 427 U.S. 618, 632 (1976) (two-tier system affords defendant two opportunities to avoid conviction and secure acquittal). See also *Colten* v. *Kentucky*, 407 U.S. 104 (1972). A defect in an indictment should not give rise to a situation in which the Commonwealth, having been unsuccessful in its first attempt at conviction, could declare that proceeding a nullity, and recommence prosecution.

3. The juvenile also argues that the Commonwealth has violated her Federal constitutional right to due process. The single justice neither decided this issue, nor did he report it. All that is before us is the propriety of the decision to deny relief under G. L. c. 211, § 3. *Ross* v. *Commonwealth, post* 1001 (1995). There was no error. If convicted, the juvenile may raise this claim in the normal course of appeal. See *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980).