BRENDA VILLALTA & another[1] *vs.* COMMONWEALTH.

Suffolk. September 10, 1998. - December 8, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Statute,* Construction. *Child Abuse. Evidence,* Privileged communication. *Privileged Communication.*

A single justice of this court properly granted review under G. L. c. 211, § 3, of the Commonwealth's appeal of a trial court judge's interlocutory ruling in a criminal case, where the ruling was premised on a generally applicable interpretation of an important statutory provision, and where the impossibility of correcting the error in the ordinary course of decisions would be detrimental to the administration of justice. [431-434]

A criminal proceeding charging a defendant with abuse of a child unrelated to the defendant or his spouse constituted a "proceeding relating to child abuse," within the meaning of G. L. c. 233, § 20, Second, an exception to the spousal privilege statute; therefore, the wife of the criminal defendant so charged could not assert a spousal privilege not to testify against the defendant in those criminal proceedings. [434-435]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 26, 1997.

The case was heard by *Fried,* J.

*Michael F. Farrington* for Brenda Villalta.

*Lenore M. Glaser (Angela G. Lehman* with her) for Jose M. Villalta-Duarte.

*David A. Deakin,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. At the heart of this appeal is the question whether Brenda Villalta (wife) may be compelled to testify against her husband, Jose M. Villalta-Duarte (defendant), at the trial of criminal charges pending against him. The defendant is charged with rape of a child under sixteen years of age, assault with intent to rape such a child, indecent assault and battery on such a child, and assault and battery on such a child. There is

---

[1] Jose M. Villalta-Duarte, her husband.

no statement of agreed facts, but the relevant facts are not in dispute. The alleged victim was a two year old girl, unrelated to the wife or the husband, who periodically received day-care services from the wife in the Villaltas' home.

Relying on G. L. c. 233, § 20. Second, the wife moved before trial for a ruling that she could invoke a privilege not to testify against the defendant. The second clause of § 20, which section is set forth in the margin,[2] provides in relevant part that "except in any proceeding relating to child abuse, including incest, neither husband nor wife shall be compelled to testify in the trial of an indictment, complaint or other criminal proceeding against the other." The wife argued successfully to a Superior Court judge that the exception denying the spousal

[2]"Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal, in court or before a person who has authority to receive evidence, except as follows:

"First, Except in a proceeding arising out of or involving a contract made by a married woman with her husband, a proceeding under chapter two hundred and nine D and in a prosecution begun under sections one to ten, inclusive, of chapter two hundred and seventy-three, any criminal proceeding in which one spouse is a defendant alleged to have committed a crime against the other spouse or to have violated a temporary or permanent vacate, restraining, or no-contact order or judgment issued pursuant to section eighteen, thirty-four B or thirty-four C of chapter two hundred and eight, section thirty-two of chapter two hundred and nine, section three, three B, three C, four, or five of chapter two hundred and nine A, or sections fifteen or twenty of chapter two hundred and nine C, or a similar protection order issued by another jurisdiction, obtained by the other spouse, and except in a proceeding involving abuse of a person under the age of eighteen, including incest, neither husband nor wife shall testify as to private conversations with the other.

"Second, Except as otherwise provided in section seven of chapter two hundred and seventy-three and except in any proceeding relating to child abuse, including incest, neither husband nor wife shall be compelled to testify in the trial of an indictment, complaint or other criminal proceeding against the other;

"Third, The defendant in the trial of an indictment, complaint or other criminal proceeding shall, at his own request, but not otherwise, be allowed to testify; but his neglect or refusal to testify shall not create any presumption against him.

"Fourth, An unemancipated, minor child, living with a parent, shall not testify before a grand jury, trial of an indictment, complaint or other criminal proceeding, against said parent, where the victim in such proceeding is not a member of said parent's family and who does not reside in the said parent's household. For the purposes of this clause the term 'parent' shall mean the natural or adoptive mother or father of said child."

privilege in a proceeding relating to child abuse does not apply when the alleged child victim is not a child of either of them and does not live with them.

The Commonwealth commenced this action in the single justice session of this court seeking to overturn the Superior Court judge's order. Treating the petition as one seeking relief pursuant to the general superintendence authority of this court (G. L. c. 211, § 3), a single justice ruled that the wife was not entitled to assert a spousal privilege and could be compelled to testify in the criminal proceeding against the defendant. Both the wife and the defendant appealed.[3]

1. We consider first whether the single justice erred in deciding to rule on the Commonwealth's substantive challenge to the motion judge's evidentiary ruling. The defendant, but not his wife, argues that supervisory powers pursuant to G. L. c. 211, § 3, should not be exercised in this case. The point is not jurisdictional. The husband does not contend explicitly that the single justice erred in exercising his discretion to grant relief under G. L. c. 211, § 3. He argues generally that the substantive issue in this case is not one that warrants the exercise of our G. L. c. 211, § 3, powers. We disagree. The exercise of general superintendency powers under G. L. c. 211, § 3, although it may not in any sense be required, is appropriate in this case. The issue we deal with is substantially different from the issue that arises when a plaintiff seeks G. L. c. 211, § 3, relief as a matter of right. See *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995).

Appellate consideration before trial of an interlocutory ruling can be had, in a criminal proceeding, if the judge reports the propriety of the ruling to the Appeals Court or if the conditions described in Mass. R. Crim. P. 15 (a), as appearing in 422 Mass. 1501 (1996), allowing interlocutory review, exist.[4] If neither of these methods is available, the Commonwealth may

---

[3]We pass by the question whether the defendant husband has any standing to challenge the decision of the single justice. The statute at most grants the wife a privilege not to testify. It does not disqualify one spouse from testifying against the other, as the first clause of G. L. c. 233, § 20, does (with certain exceptions) as to private conversations between husband and wife. This appeal presents no question concerning the disqualification of the wife to testify concerning private conversations with the defendant.

[4]Rule 15 (a) reads as follows:

"(a) RIGHT OF INTERLOCUTORY APPEAL

"(1) Right of Appeal Where Pretrial Motion to Dismiss or for Appropriate

obtain review of an adverse interlocutory ruling in a criminal case only through G. L. c. 211, § 3. If the defendant is convicted, the alleged error is not prejudicial to the Commonwealth. If the defendant is acquitted, the Commonwealth may not appeal. It is this circumstance that led to the granting of certain interlocutory appellate rights to the Commonwealth in Mass. R. Crim. P. 15 and G. L. c. 278, § 28E.

In some circumstances, of which the single justice thought the case before him was one, the full court or a single justice has permitted the Commonwealth to use G. L. c. 211, § 3, to obtain review of a trial judge's interlocutory ruling in a criminal case. See *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996) (relief granted to Commonwealth on its challenge under G. L. c. 211, § 3, to trial judge's revision of defendant's sentence); *Matter of a John Doe Grand Jury Investigation*, 410 Mass. 596, 599 (1991) ("The order allowing the motions [to quash grand jury subpoenas] was a final order not reviewable by any established procedure, and the Commonwealth, therefore, appropriately challenged the order" by seeking relief under G. L. c. 211, § 3); *Commonwealth* v. *Gordon*, 410 Mass. 498, 499 (1991) (reserved and reported by a single justice) ("Because there was no appellate remedy to determine the correctness of the judge's actions [in accepting a plea to murder in the second degree from a defendant indicted for murder in the first degree], the district attorney properly sought relief pursuant to G. L. c. 211, § 3"); *Commonwealth* v. *Babb*, 389 Mass. 275, 282-283 (1983) (single justice granted G. L. c. 211, § 3, relief) (relief under G. L. c. 211, § 3, was appropriate when Commonwealth had no other practical remedy to review trial judge's order, issue was of general significance, and, if order was erroneous,

---

Relief Granted. The Commonwealth shall have the right to appeal to the appropriate appellate court a decision by a judge granting a motion to dismiss a complaint or indictment or a motion for appropriate relief made pursuant to the provisions of subdivision (c) of Rule 13.

"(2) Right of Appeal Where Motion to Suppress Evidence Determined. A defendant or the Commonwealth shall have the right and opportunity to apply to a single justice of the Supreme Judicial Court for leave to appeal an order determining a motion to suppress evidence prior to trial. If the single justice determines that the administration of justice would be facilitated, the justice may grant that leave and may hear the appeal or may report it to the full Supreme Judicial Court or to the Appeals Court." See G. L. c. 278, § 28E, to substantially the same effect.

under G. L. c. 211, § 3, relief was warranted); *Blaisdell* v. *Commonwealth*, 372 Mass. 753, 755 (1977) (questions reserved and reported by the single justice in a G. L. c. 211, § 3, action [concerning pretrial order that defendant submit to a psychiatric examination] were difficult, involved matters of great import, and warranted exercise of court's powers under G. L. c. 211, § 3). Cf. *Commonwealth* v. *Vao Sok*, 425 Mass. 787, 788 (1997) (single justice reserved and reported case) (petition of Commonwealth under G. L. c. 211, § 3, to challenge pretrial evidentiary ruling on admissibility of evidence considered without objection by defendant); *Commonwealth* v. *Perry P., a juvenile*, 418 Mass. 808, 810 (1994) (single justice reserved and reported case) (exercise of jurisdiction not challenged on Commonwealth's G. L. c. 211, § 3, petition seeking relief from motion judge's ruling that had some similarity to allowance of motion to dismiss); *Commonwealth* v. *Lanigan*, 413 Mass. 154, 155 (1992) (no challenge to single justice's order, acting on Commonwealth's G. L. c. 211, § 3, petition, allowing appeal of trial judge's order that was equivalent to allowance of motion to suppress).[5]

Any doubt arising from the reservation in *Commonwealth* v. *Yelle*, 390 Mass. 678, 686 (1984), of the question of the Commonwealth's right to seek to use G. L. c. 211, § 3, to challenge pretrial rulings in a criminal case has been dispelled by our more recent decisions. Although the Commonwealth has the right to seek a discretionary G. L. c. 211, § 3, ruling in its favor, we leave open the question whether the Commonwealth ever is entitled as a matter of right to G. L. c. 211, § 3, relief. *Id.*

The single justice properly exercised his discretion under G. L. c. 211, § 3, to consider the substantive issue that the Commonwealth raised. He did so because the order in the trial court "allowing the wife to invoke the spousal privilege is premised on a generally applicable interpretation of an important statutory provision." He added that the "[i]mpossibility of cor-

---

[5]For a parallel exercise of discretion to review an interlocutory ruling on the admissibility of evidence in a civil case, see *Carr* v. *Howard*, 426 Mass. 514, 517 n.3 (1998). The need for, the appropriateness of granting, and the likelihood of obtaining G. L. c. 211, § 3, relief as to an interlocutory ruling in a civil action is considerably less than in the circumstances of this case. See *Plymouth & Brockton St. Ry.* v. *Leyland*, 422 Mass. 526, 528-529 (1996); *Pollack* v. *Kelly*, 372 Mass. 469, 471-472 (1977).

recting this error in the ordinary course of decisions therefore may be detrimental to administration of justice."

2. We agree with the single justice that the criminal proceeding against the defendant is a "proceeding relating to child abuse" within the meaning of those words in G. L. c. 233, § 20, Second. There is no instructive legislative history to aid us in determining what was intended by the words "proceeding relating to child abuse," language that the Legislature inserted by St. 1983, c. 145, and has since remained unaltered. Nor would it be appropriate to look to subsequent amendments of other portions of § 20 in an attempt to learn what the Legislature intended in 1983.[6]

The wife and the defendant argue that the words "including incest" in clause Second demonstrate that "child abuse" means only abuse of one's own child or of a child with whom one could commit incest. See G. L. c. 272, § 17, defining incest, and G. L. c. 207, §§ 1-2, listing persons in degrees of consanguinity within which sexual intercourse is prohibited (such as nieces, nephews, and grandchildren). To include incest within child abuse provides no obvious restriction on the general words "child abuse."

We see no logical reason for the Legislature to deny the spousal privilege when a young victim of abuse is a child of one or both spouses (or other child closely related by consanguinity) but to perpetuate the privilege when the young victim is related to neither spouse. The abuse is the same. Society's interest in convicting and punishing one who commits child abuse is the same. The threat to the preservation of the family unit arising from one spouse being compelled to testify against the other seems substantially identical in all instances. Indeed, if the defendant's alleged child abuse was not incestuous, the spouse's compelled testimony might be less threatening to the marriage than if she were compelled to testify, as the wife and defendant agree she must, concerning incestuous child abuse, which involves an even greater stigma than child abuse alone.

---

[6]In 1986, clause Fourth was added providing a limited privilege to an unemancipated, minor child not to testify against a parent in a criminal proceeding. St. 1986, c. 145. In 1996, clause First of § 20 was amended to add further circumstances in which one spouse would not be disqualified from testifying as to private conversations with the other spouse. St. 1996, c. 298, § 10. Among the additional proceedings in which a spouse would not be disqualified from testifying was "a proceeding involving abuse of a person under the age of eighteen, including incest." *Id.*

Villalta *v.* Commonwealth.

The criminal conduct asserted in this case, abuse of the victim in the defendant's home, shows that the need for the testimony of a defendant's spouse may be as great as it would be if the alleged victim were their own child. We choose to apply the literal meaning of the words "child abuse" to § 20, Second. Child abuse in common usage is not limited to the abuse of one's own child but means the abuse of any child.

3. We affirm the judgment granting the Commonwealth's petition, which sought a judgment that (1) vacated the order that the wife could assert a spousal privilege in proceedings against her husband and (2) ordered that the wife's motion that she is entitled to assert that privilege be denied.

*So ordered.*