COMMONWEALTH *vs.* JEREMY L. THOMAS. April 19, 2007. *Evidence,* Intoxication, Blood alcohol test, Breathalyzer test, Expert opinion. *Intoxication. Supreme Judicial Court,* Appeal from order of single justice.

Jeremy L. Thomas is charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (*a*) (1), and failing to stop. He was pulled over at 1:10 A.M. after a police officer observed his vehicle fail to stop at a stop sign. On approaching the vehicle, the officer detected the odor of an alcoholic beverage. Thomas admitted to consuming a few beers and did not perform satisfactorily on multiple field sobriety tests. He was arrested for operating a motor vehicle while under the influence of alcohol and consented to a breathalyzer test. Two tests were administered, the first at 2:07 A.M. and the second at 2:10 A.M. The result of each test showed a blood alcohol content of .14 per cent.

Thomas filed a motion in limine to prevent the Commonwealth from proceeding against him on a theory of per se liability for operating a motor vehicle with a blood alcohol content of greater than .08 per cent without providing expert testimony on retrograde extrapolation, and to exclude any evidence of the numerical results of the breathalyzer test for purposes of the per se and impaired operation theories of criminal liability. The Commonwealth countered with motions seeking to declare the numerical results admissible without expert testimony on retrograde extrapolation. The motion judge ordered the numerical results excluded but permitted introduction of evidence that a breathalyzer test was administered and showed some alcohol in Thomas's bloodstream for purposes of the impaired operation theory only. The Commonwealth petitioned under G. L. c. 211, § 3, for relief from the order. A single justice of this court denied the Commonwealth's petition and the Commonwealth appealed. We granted review pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), because the Commonwealth could not adequately obtain appellate review of the judge's order by other means. Cf. *Villalta* v. *Commonwealth*, 428 Mass. 429, 432-433 (1998), and cases cited.

For the reasons set forth in *Commonwealth* v. *Colturi, ante* 809 (2007), we reverse the decision of the District Court judge and remand the case for further proceedings in accordance with that opinion.

*So ordered.*

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

*Barry Auskern* for the defendant.

*Timothy J. Cruz*, District Attorney, *& Robert C. Thompson*, Assistant District Attorney, for District Attorney for the Plymouth District, amicus curiae, submitted a brief.